## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **NADIA ARBELO,** | ) | |
| **Plaintiff,** | ) | **Case No. _____** |
| | ) | |
| **v.** | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| **WASHBURN UNIVERSITY** | ) | |
| **OF TOPEKA,** | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW, the Plaintiff, Nadia Arbelo, by and through their undersigned counsel, Bruce Alan Brumley and Chloe Elizabeth Davis, and for their causes of action against Defendant, Washburn University of Topeka, states the following:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Nadia Arbelo (hereinafter "Plaintiff") is an individual residing in Shawnee County, Kansas.

2.      Defendant Washburn University of Topeka (hereinafter "Defendant") is a municipal subdivision of the State of Kansas organized and operating within the boundaries of Shawnee County, Kansas, governed by the Washburn Board of Regents, and may be served with process pursuant to statutory requirements in Shawnee County, Kansas.

3.      This action arises under the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634, *et. seq.*, of the United States Code, as amended (hereinafter "ADEA") related to various sections including employment, discrimination, failure to promote, retaliation, damages, and attorney's fees and costs.

4.      This action arises under the Kansas Age Discrimination in Employment Act, Chapter 44, Article 11, Section 1111, *et. seq.*, of the Kansas Statutes Annotated (hereinafter "KADEA"),

related to various sections including employment, discrimination, failure to promote, retaliation, and damages.

5.       This action arises under Title VII of the Civil Rights Act of 1964, Title 42, Section 2000e, *et. seq.*, of the United States Code, as amended (hereinafter "Title VII") related to various sections including employment, discrimination, failure to promote, retaliation, damages, and attorney's fees and costs.

6.       This action also arises under the Kansas Act Against Discrimination, Chapter 44, Article 10, Section 1001, *et. seq.*, of the Kansas Statutes Annotated (hereinafter "KAAD"), related to various sections including employment, discrimination, failure to promote, retaliation, and damages.

7.       As to the claims enumerated herein that arise under federal law, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

8.       As to the claims enumerated herein that arise under state law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as the claims enumerated herein that arise under state law are so related to claims herein that arise under federal law that they form part of the same case or controversy.

9.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as Defendant is subject to the Court's personal jurisdiction within this District.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

10.     Plaintiff incorporates by reference all aforementioned paragraphs 1 through 9 as if fully set forth herein.

11.     Plaintiff dually filed separate Charges of Discrimination with the Kansas Human Rights Commission (hereinafter "KHRC") and the Equal Employment Opportunity Commission

(hereinafter "EEOC") against the Defendant on or about September 23, 2024, alleging that Defendant had discriminated and retaliated against Plaintiff on the bases of age and race.

12.    Plaintiff was issued her Notice of Right to Sue letter dated September 12, 2025, by the EEOC on or about September 13, 2025.

13.    Plaintiff's claims herein were subject to the KHRC/EEOC investigation referenced above.

14.    Plaintiff has exhausted her administrative remedies pursuant to 29 C.F.R. §1601, *et. seq.* and K.S.A. §44-2005, *et. seq.*, or any other rule, law, statute, or regulation.

15.    Plaintiff has fully complied with any and all administrative and jurisdictional prerequisites to the institution of this action in this Court.

## FACTUAL ALLEGATIONS

16.    Plaintiff incorporates by reference all aforementioned paragraphs 1 through 15 as if fully set forth herein.

17.    Plaintiff is a 65-year-old African American, Native American, and Hispanic mixed-race female.

18.    Plaintiff was initially hired by Defendant as a business consultant within Defendant's Small Business Development Center in January 2022. Prior to this role, Plaintiff's 35+ year career consisted largely of small business entrepreneurship, small business development, coaching, and strategy, and national and international education and consulting.

19.    On or about October 1, 2022, Plaintiff was promoted to Assistant Director of Defendant's Small Business Development Center.

20.    In May 2023, the Regional Director position of Defendant's Small Business Development Center was vacated, and Plaintiff named the Interim Regional Director of Defendant's Small Business Development Center. Plaintiff was the first woman of color to be named to this role.

21.    In approximately September 2023, Plaintiff complained about the inappropriate and racially charged behavior of one of Plaintiff's Caucasian colleagues to Plaintiff's leadership, including Dean of the School of Business, David Sollars (Caucasian, younger than Plaintiff). Plaintiff additionally raised these complaints to Defendant's Human Resources department and Defendant's Equal Opportunity department.

22.    During Plaintiff's time as the Interim Regional Director, Plaintiff was nominated for and awarded several prestigious awards and memberships for her leadership skills and achievements in small business development by community partners, Plaintiff was voted "Most Valuable Professor" by her business students, and Plaintiff never received any negative performance feedback or discipline from members of her supervision.

23.    In approximately April 2024, Defendant posted and conducted a job search to permanently fill the Regional Director position.

24.    Plaintiff applied to the permanent Regional Director position on or about April 9, 2024.

25.    Plaintiff's annual review was due from Dean Sollars on or about April 30, 2024. However, Plaintiff never received said review.

26.    On or about July 23, 2024, Plaintiff was interviewed for the Regional Director position. The interview and selection panel consisted of five individuals, all of whom were Caucasian and between 5 to 10 years younger than Plaintiff.

27.    On or about August 8, 2024, Dean Sollars informed Plaintiff that Plaintiff had not been selected to permanently fill the Regional Director position, despite having successfully filled the position for the preceding 15 months.

28.    On or about August 27, 2024, Defendant awarded the Regional Director position to a younger, lesser qualified candidate, Jessica Horton, an approximately 38-year-old Caucasian

4

female. Prior to August 2024, Horton's career consisted predominantly of roles in the fashion, marketing, and interior design industries and, as of 2024, Horton had spent less than 10 years in small business. In fact, Horton's longest role was as a market analyst for Payless – the "largest footwear retailer in the Western Hemisphere."

29.    In late August or early September 2024, Plaintiff inquired of Dean Sollars as to why Plaintiff was not selected to fill the Regional Director position permanently, and more specifically, why a younger, lesser qualified Caucasian individual was selected. Dean Sollars provided no meaningful response and stated that the selection of Horton was "about the fit."

30.    On or about September 1, 2024, Defendant demoted Plaintiff from the Interim Regional Director position to her previous position as Assistant Regional Director. In doing so, Defendant decreased Plaintiff's salary and requested that Plaintiff perform additional teaching duties.

31.    In the weeks following Horton's appointment as the Regional Director, Defendant expected Plaintiff to provide training and guidance to Horton on the position.

32.    As a result of the ongoing discriminatory and retaliatory actions of Defendant, Plaintiff was ultimately constructively discharged from her employment with Defendant on or about October 28, 2024.

### COUNT I – DISCRIMINATION ON THE BASIS OF RACE
### (In Violation of Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination)

33.    Plaintiff incorporates by reference all aforementioned paragraphs 1 through 32 as if fully set forth herein.

34.    Defendant is a covered entity under Title VII and KAAD in that Defendant engages in an industry affecting commerce and has 15 or more employees for each working day in each of 20 or

more calendar weeks in the current or preceding calendar year and Defendant is a governmental subdivision.

35.    Plaintiff is an employee under Title VII and KAAD in that at all times pled herein, Plaintiff was employed by the Defendant.

36.    Defendant discriminated against Plaintiff on the basis of race with respect to Plaintiff's compensation, terms, conditions, or privileges of employment.

37.    Defendant discriminated against Plaintiff on the basis of race when Plaintiff was not selected to permanently fill the Regional Director position despite Plaintiff having successfully filled the role for nearly 15 months.

38.    Defendant discriminated against Plaintiff on the basis of race when Defendant selected a lesser qualified Caucasian individual to fill the Regional Director position.

39.    Defendant discriminated against Plaintiff on the basis of race when Defendant demoted Plaintiff to her former position as Assistant Regional Director, decreased Plaintiff's salary, and requested that Plaintiff perform additional teaching duties.

40.    Defendant discriminated against Plaintiff on the basis of race when Defendant could provide no legitimate basis for the selection of a lesser qualified Caucasian individual in lieu of Plaintiff.

41.    Defendant discriminated against Plaintiff on the basis of race when Defendant required Plaintiff to provide training and guidance to Horton in the weeks following Horton's selection.

42.    Defendant discriminated against Plaintiff on the basis of race when Defendant constructively discharged Plaintiff's employment.

43.    Defendant's discriminatory behavior on the basis of race took place at Defendant's workplace during Plaintiff's designated worktimes while all actors were under the control and direction of Defendant.

44.    Plaintiff complained to appropriate members of her supervision about the discriminatory behavior she experienced and inquired as to the basis for Horton's selection over Plaintiff.

45.    Defendant herein this case had knowledge of racial discrimination toward Plaintiff, as evidenced by Dean Sollars' failure to provide any legitimate explanation as to the selection of Horton and statement that Horton's selection was "about the fit."

46.    Defendant discriminated against Plaintiff on the basis of Plaintiff's race in regard to her job training, and other terms, conditions, and privileges of his employment.

47.    Defendant discriminated against Plaintiff on the basis of Plaintiff's race in regard to her overall compensation from Defendant.

48.    Defendant failed to take any meaningful action to prevent or cease the race discrimination by Defendant employees and negligently and recklessly failed to recognize and deal with the discrimination.

49.    Defendant has failed to properly train their supervisors and hiring authorities concerning their duties and obligations under civil rights laws, including Title VII and KAAD.

50.    Defendant's discriminatory conduct herein this case willfully and maliciously violated Plaintiff's rights under Title VII and KAAD, and such a violation is sufficient to warrant an award of compensatory and punitive damages.

51.    As a direct and proximate result of Defendant's discriminatory actions herein this case, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, a deprivation of income, as well as other monetary and non-monetary damages.

52.    Plaintiff is entitled to attorney's fees as provided in Title VII and for the fees and costs in bringing this action.

WHEREFORE, Plaintiff prays the Court enter judgment in her favor against Defendant on Count I of Plaintiff's Complaint, finding that she was subject to discrimination on the basis of her race in violation of Title VII and KAAD, for an award of back pay and benefits including interest, an award of front pay and benefits including interest, an award of noneconomic damages, the costs of this action, reasonable attorneys' fees, and for other such relief as the Court deems just and equitable.

### COUNT II – RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY
### (In Violation of Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination)

53.    Plaintiff incorporates by reference all aforementioned paragraphs 1 through 52 above as if fully set forth herein.

54.    Plaintiff engaged in protected activity under Title VII and KAAD when Plaintiff complained to Dean Sollars, the human resources department, and the Title IX office about the racially charged behavior of one of Plaintiff's Caucasian colleagues.

55.    Plaintiff engaged in protected activity under Title VII and KAAD when Plaintiff inquired of Dean Sollars why a lesser qualified, younger, Caucasian individual was selected to fill the position in lieu of Plaintiff.

56.    Plaintiff experienced an adverse employment action when Plaintiff was not selected to permanently fill the Regional Director position.

57.    Plaintiff experienced an adverse employment action when Plaintiff was demoted to her previous role of Assistant Regional Director.

58.    Plaintiff experienced an adverse employment action when Plaintiff's salary was decreased.

59.    Plaintiff experienced an adverse employment action when Plaintiff was asked to take on additional teaching duties.

60.    Plaintiff experienced an adverse employment action when Plaintiff was required to provide training and guidance to Horton in the weeks following her selection.

61.    Plaintiff experienced an adverse employment action when Plaintiff was constructively discharged as a result of Defendant's ongoing discriminatory and retaliatory behavior.

62.    Defendant herein this case had knowledge of this retaliation toward Plaintiff, as evidenced by Dean Sollars' failure to provide any legitimate explanation as to the selection of Horton and statement that Horton's selection was "about the fit."

63.    Defendant retaliated against Plaintiff for engaging in protected activity in regard to her job training, and other terms, conditions, and privileges of his employment.

64.    Defendant failed to take any meaningful action to prevent or cease the retaliation by Defendant employees and negligently and recklessly failed to recognize and deal with the retaliation.

65.    Defendant has failed to properly train their supervisors and hiring authorities concerning their duties and obligations under civil rights laws, including Title VII and KAAD.

66.    Defendant's retaliatory conduct herein this case willfully and maliciously violated Plaintiff's rights under Title VII and KAAD, and such a violation is sufficient to warrant an award of compensatory and punitive damages.

67.    As a direct and proximate result of Defendant's retaliatory actions herein this case, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, a deprivation of income, as well as other monetary and non-monetary damages.

68.     Plaintiff is entitled to attorney's fees as provided in Title VII and for the fees and costs in bringing this action.

WHEREFORE, Plaintiff prays the Court enter judgment in her favor against Defendant on Count II of Plaintiff's Complaint, finding that she was subject to retaliation for engaging in protected activity in violation of Title VII and KAAD, for an award of back pay and benefits including interest, an award of front pay and benefits including interest, an award of noneconomic damages, the costs of this action, reasonable attorneys' fees, and for other such relief as the Court deems just and equitable.

**COUNT III – DISCRIMINATION ON THE BASIS OF AGE**
**(In Violation of the Age Discrimination in Employment Act of 1967 and the Kansas Age Discrimination in Employment Act)**

69.     Plaintiff incorporates by reference all aforementioned paragraphs 1 through 68 as if fully set forth herein.

70.     Defendant is a covered entity under the ADEA and KADEA in that Defendant engages in an industry affecting commerce and has 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year and Defendant is governmental subdivision.

71.     Plaintiff is an employee under the ADEA and KADEA in that at all times pled herein, Plaintiff was employed by the Defendant.

72.     Defendant discriminated against Plaintiff on the basis of age with respect to Plaintiff's compensation, terms, conditions, or privileges of employment.

73.     Defendant discriminated against Plaintiff on the basis of age when Plaintiff was not selected to permanently fill the Regional Director position despite Plaintiff having successfully filled the role for nearly 15 months.

74.    Defendant discriminated against Plaintiff on the basis of age when Defendant selected a lesser qualified, younger individual to fill the Regional Director position.

75.    Defendant discriminated against Plaintiff on the basis of age when Defendant demoted Plaintiff to her former position as Assistant Regional Director, decreased Plaintiff's salary, and requested that Plaintiff perform additional teaching duties.

76.    Defendant discriminated against Plaintiff on the basis of age when Defendant could provide no legitimate basis for the selection of a lesser qualified, younger individual in lieu of Plaintiff.

77.    Defendant discriminated against Plaintiff on the basis of age when Defendant required Plaintiff to provide training and guidance to Horton in the weeks following Horton's selection.

78.    Defendant discriminated against Plaintiff on the basis of age when Defendant constructively discharged Plaintiff's employment.

79.    Defendant's discriminatory behavior on the basis of age took place at Defendant's workplace during Plaintiff's designated worktimes while all actors were under the control and direction of Defendant.

80.    Plaintiff complained to appropriate members of her supervision about the discriminatory behavior she experienced and inquired as to the basis for Horton's selection over Plaintiff.

81.    Defendant herein this case had knowledge of age discrimination toward Plaintiff, as evidenced by Dean Sollars' failure to provide any legitimate explanation as to the selection of Horton and statement that Horton's selection was "about the fit."

82.    Defendant discriminated against Plaintiff on the basis of Plaintiff's age in regard to her job training, and other terms, conditions, and privileges of his employment.

83.    Defendant discriminated against Plaintiff on the basis of Plaintiff's age in regard to her overall compensation from Defendant.

84.    Defendant failed to take any meaningful action to prevent or cease the age discrimination by Defendant employees and negligently and recklessly failed to recognize and deal with the discrimination.

85.    Defendant has failed to properly train their supervisors and hiring authorities concerning their duties and obligations under civil rights laws, including the ADEA and KADEA.

86.    Defendant's discriminatory conduct herein this case willfully and maliciously violated Plaintiff's rights under the ADEA and KADEA, and such a violation is sufficient to warrant an award of liquidated damages.

87.    As a direct and proximate result of Defendant's discriminatory actions herein this case, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, a deprivation of income, as well as other monetary and non-monetary damages.

88.    Plaintiff is entitled to attorney's fees as provided in the ADEA and for the fees and costs in bringing this action.

WHEREFORE, Plaintiff prays the Court enter judgment in her favor against Defendant on Count III of Plaintiff's Complaint, finding that she was subject to discrimination on the basis of her age in violation of the ADEA and KADAE, for an award of back pay and benefits including interest, an award of front pay and benefits including interest, an award of liquidated damages, the costs of this action, reasonable attorneys' fees, and for other such relief as the Court deems just and equitable.

### COUNT IV – RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY
### (In Violation of the Age Discrimination in Employment Act of 1967 and the Kansas Age Discrimination in Employment Act)

89.    Plaintiff incorporates by reference all aforementioned paragraphs 1 through 88 above as if fully set forth herein.

90.    Plaintiff engaged in protected activity under the ADEA and KADAE when Plaintiff inquired of Dean Sollars why a lesser qualified, younger individual was selected to fill the position in lieu of Plaintiff.

91.    Plaintiff experienced an adverse employment action when Plaintiff was demoted to her previous role of Assistant Regional Director.

92.    Plaintiff experienced an adverse employment action when Plaintiff's salary was decreased.

93.    Plaintiff experienced an adverse employment action when Plaintiff was asked to take on additional teaching duties.

94.    Plaintiff experienced an adverse employment action when Plaintiff was required to provide training and guidance to Horton in the weeks following her selection.

95.    Plaintiff experienced an adverse employment action when Plaintiff was constructively discharged as a result of Defendant's ongoing discriminatory and retaliatory behavior.

96.    Defendant herein this case had knowledge of this retaliation toward Plaintiff, as evidenced by Dean Sollars' failure to provide any legitimate explanation as to the selection of Horton and statement that Horton's selection was "about the fit."

97.    Defendant retaliated against Plaintiff for engaging in protected activity in regard to her job training, and other terms, conditions, and privileges of his employment.

98.     Defendant failed to take any meaningful action to prevent or cease the retaliation by Defendant employees and negligently and recklessly failed to recognize and deal with the retaliation.

99.     Defendant has failed to properly train their supervisors and hiring authorities concerning their duties and obligations under civil rights laws, including the ADEA and KADEA.

100.    Defendant's retaliatory conduct herein this case willfully and maliciously violated Plaintiff's rights under the ADAE and KADEA, and such a violation is sufficient to warrant an award of liquidated damages.

101.    As a direct and proximate result of Defendant's retaliatory actions herein this case, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, a deprivation of income, as well as other monetary and non-monetary damages.

102.    Plaintiff is entitled to attorney's fees as provided in the ADEA and for the fees and costs in bringing this action.

WHEREFORE, Plaintiff prays the Court enter judgment in her favor against Defendant on Count IV of Plaintiff's Complaint, finding that she was subject to retaliation for engaging in protected activity in violation of the ADEA and KADAE, for an award of back pay and benefits including interest, an award of front pay and benefits including interest, an award of liquidated damages, the costs of this action, reasonable attorneys' fees, and for other such relief as the Court deems just and equitable.

## **DAMAGES**

103.    Plaintiff incorporates by reference all aforementioned paragraphs 1 through 102 above as if fully set forth herein.

104.    Defendant herein willfully and maliciously discriminated and retaliated against Plaintiff on the basis of her age, race, and for engaging in protected activity with indifference as to the legally protected rights of the Plaintiff.

105.    As a result, Plaintiff has suffered monetary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, among other monetary and non-monetary damages.

106.    Plaintiff prays for an award of compensatory and punitive damages in the amount of $300,000.00, as Defendant employs more than 500 employees.

107.    Plaintiff prays for an award of liquidated damages.

108.    Plaintiff prays for injunctive relief in the form of reinstatement with backpay including benefits and interest incurred.

109.    Plaintiff alternatively prays for injunctive relief in the form of backpay including benefits with interest incurred, and front pay including benefits with interest incurred, in place of reinstatement.

110.    Plaintiff prays for damages in the amount of reasonable attorney's fees.

111.    Plaintiff prays for damages in the amount of court costs incurred in bringing this action.

112.    Plaintiff prays for any other damages and relief as this Court may deem necessary, just, and equitable as allowed by Title VII, the ADEA, KAAD, and the KADEA or any other relevant source of law related to these claims or within the power of the Court.

WHEREFORE, Plaintiff prays the Court enter judgment in her favor against Defendant on all Counts of her Complaint, finding that Plaintiff was discriminated and retaliated against for opposing discrimination in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Kansas Act Against Discrimination, and the Kansas Age

Discrimination in Employment Act. Plaintiff prays for an award of back pay and benefits including interest, an award of front pay and benefits including interest, an award of noneconomic damages, an award of liquidated damages, an award of reasonable attorney's fees, an award of the costs of this action, and for other such relief as the Court deems just and equitable.

Respectfully submitted,

*/s/Bruce Alan Brumley*
*/s/Chloe Elizabeth Davis*
Bruce Alan Brumley, #16066
Chloe Elizabeth Davis, #28517
Brumley Law Office
2348 SW Topeka Blvd., #201
Topeka, KS 66611
P: (785) 267-3367 / F: (785) 233-3161
chloe@brucebrumleylaw.com
bruce@brucebrumleylaw.com

## DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, and pursuant to Federal Rule 38(b)(1), demands a trial by jury on all of these issues in the above-captioned case.

*/s/Bruce Alan Brumley*
*/s/Chloe Elizabeth Davis*
Bruce Alan Brumley, #16066
Chloe Elizabeth Davis, #28517
Brumley Law Office
2348 SW Topeka Blvd., #201
Topeka, KS 66611
P: (785) 267-3367 / F: (785) 233-3161
chloe@brucebrumleylaw.com
bruce@brucebrumleylaw.com